## ESTATE OF SIMON STRAUSS.

[No. 15,785.]

Executors—Accounts.—By Accepting the Office of Executor a person is presumed to consent that all his acts in that capacity shall be subject to judicial review, and to understand that the court of probate has the power, on the settlement of his account, to determine the extent of his liability to the estate.

An Executor is Accountable for All the Assets that come into his possession, excepting where loss may have been suffered without his fault.

Settlement of account of executor, George B. Mowry, contest and exceptions.

Frohman & Jacobs and Isaac Frohman, for contestants.

R. P. Wright, for executor.

COFFEY, J. This is a proceeding for the settlement of an executor's account and it is competent for the court sitting in probate, to determine all issues necessarily incident thereto. It is not an action to recover possession of property or for the determination of a right of possession, but a purely probate proceeding inquisitorial in its nature, under the statute, on the one hand to establish and substantiate an account of an executor, and on the other hand to surcharge and falsify that account by showing that the executor is chargeable with the value of certain assets which, if they no longer belong to the estate, have been lost through his culpable negligence.

It is apparent that decedent had an interest in the mining property at the time of his death, and, therefore, the question presented here for determination is simply whether or not the

executor is now chargeable upon the settlement of his account with the value of that interest. Under the statute the executor is accountable for all the assets which come into his possession excepting where loss may have been suffered without his fault: Code Civ. Proc., secs. 1613, 1614.

The executor, upon rendering his account, is amenable to examination touching any property and effects of the decedent and the disposition thereof, and all matters may be contested for cause shown: Code Civ. Proc., secs. 1631, 1636.

It is elementary that when a person accepts the office of executor, he must be presumed to consent that all his acts in that capacity shall be subject to judicial review, and that the court of probate possesses the power, upon the settlement of his account, of determining the extent of his liability to the estate. By the very act of filing his account and asking for its allowance by the court, he submits himself to the jurisdiction he has thereby invoked as to all matters necessary to be determined thereabout. To be efficient this jurisdiction should be exclusive; otherwise, where an executor is proved delinquent, the probate form would be practically impotent.

The court having come to the conclusion above announced, that it has power, sitting in probate, to deal with the transactions involved in this controversy, finds that the executor should be charged in his account with the value of the interest of the estate in the Bader gold mine, and it is proper in this case to consider cost as evidence of value. Interest should be added to the value at the statutory rate, with annual rests, beginning at a point say twelve months from the death of the decedent. He should be charged, also, with the amount of net profits realized by him in carrying on the business of decedent, as ascertained upon the hearing; also with legal interest, compounded annually from May 18, 1896, on the balance shown by his exhibit to have been in his hands on that date, because of the delay in settling the estate, and also because he has been using the money in his private business. He should be charged with the amount of gold extracted from the mine received by him at about the time of the death of the decedent, with legal interest as before calculated. He failed to account for this to the estate, but used it in working

the mine. He should be charged, also, with the value of the wearing apparel left by the decedent; and also with sums received from Sawyer Tanning Company and S. McBowen & Son. There should be struck from his account the payments to Lueders and Runge & Elliott, expert accountants and typewriters, as illegal charges. The executor's claim for services as superintendent of the mine is disallowed. He should furnish a bond. Let findings be drawn formally and presented to the court.

This Case was Before the supreme court in 144 Cal. 553.